Edwin H. **FLYNN**, Appellant,

v.

Stephen **EARDLEY** et al., Appellees.

Patent Appeal No. 8865.

United States Court of Customs and Patent Appeals.

June 28, 1973.

Rehearing Denied Aug. 16, 1973.

Herman I. Hersh, Chicago, Ill., John T. Reynolds, Indianapolis, Ind., and James H. Littlepage, Washington, D. C., attorneys of record, for appellant.

Fred T. Williams, John J. Cavanaugh, Chicago, Ill., J. William Pike, Washington, D. C., and Francis D. Thomas, Jr., Arlington, Va., attorneys of record, for appellees.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and WATSON, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision of the Board of Patent Interferences awarding priority in Interference No.

96,095, to appellees Eardley et al. (Eardley).

Appellant is involved on the basis of his application Serial No. 398,028, filed September 21, 1964, which was a continuation-in-part of Serial No. 220,855 ('855) filed August 31, 1962, which in turn was a continuation-in-part of Serial No. 115,612, filed June 8, 1961. Appellant copied the claims corresponding to the count from appellees' U. S. Patent

No. 3,280,118, issued October 18, 1966, on an application Serial No. 408,757, filed November 4, 1964. Appellees have been awarded priority under 35 U.S.C. § 119 based on the filing date of British application Serial No. 43,441, filed November 4, 1963, and that award is not contested by appellant.

The counts are directed to the strong acid salts of cephaloridine. Count 1 reads as follows:

**1. A salt of the cation:**

**with an anion of an acid having a pKa of not greater than 4.**

[A7555]

———◆———

Appellant's application '855 matured into U. S. Patent No. 3,218,318, which is the same Flynn patent treated in the case of In re Arkley, 455 F.2d 586, 59 CCPA 804 (1972). In that case, the issue before us was whether the disclosure in the Flynn patent was sufficient to anticipate a claim to the compound cephaloridine. In the present case, the issue is whether cephaloridine was described in application '855 within the meaning of 35 U.S.C. § 112. If it was, then appellant can prevail on the basis of that application's filing date, for there is no question that the disclosure sufficiently describes the strong acid salts *if* cephaloridine *per se* is sufficiently described.

The disclosure of the Flynn patent is analyzed in depth in the opinions in the Arkley case.[1] We see no need to repeat that analysis here. The only pertinent difference in disclosure between application '855 and the Flynn patent is that the application additionally contained original claim 3, which was directed to a "cephalosporin compound of the class consisting of the heterocyclic-substituted acyl derivatives of the nuclei of the cephalosporin C_A compounds." Original claim 4 was directed to the corresponding class of cephalosporin C_c compounds and original claim 5 was directed to the corresponding class of desacetylcephalosporin compounds.

The board found no clear support for the compound cephaloridine in the disclosure of the Flynn patent. During the course of its opinion it discussed essentially the same portions of that disclosure which were discussed in the opinions in Arkley.

*Opinion*

The board found, and we fully agree, that those skilled in the art could easily

---

[1]. Before us, appellants occasionally erroneously refer to the principal opinion in Arkley as the "majority" opinion. There was no majority opinion in Arkley. There was only a *decision* by the majority that the board's decision had to be *reversed*.

have made the claimed compounds, should they have desired to do so, from the '855 disclosure. Nor does there appear to be any question that the skilled in the art would have known how to use the claimed compounds in light of that disclosure. Thus the question before us is purely whether the claimed compound is *described* in the '855 application, as required by the first paragraph of section 112.

 We agree with appellant that it is not essential to *name* the claimed compounds, and further that *preference* for the specific claimed compounds is not necessarily a requirement. However, the description requirement is not satisfied unless the specification contains adequate direction which reasonably leads the skilled in the art to the compounds which it is later desired to claim, and that is what is missing here. Of course a discussion of preferences for various aspects of the invention may be one way in which to supply such direction. Appellant points out the various parts of the disclosure which would tend to head one in the general direction of the claimed compounds, which are adequately discussed in the *Arkley* opinions. We note that not only are there a large number of choices of substituents presented to the skilled in the art, thus making it more difficult to arrive at the claimed compounds, but also, there are other aspects of the disclosure which tend to counteract the suggestions argued by appellant. For example, while there is a qualified preference for compounds of the $C_A$ type, the main thrust of the disclosure is that the improvement in properties over the known cephalosporin is due to appellant's substitution at the 7 carbon of the nucleus. The effect of this is to minimize the role played by the substituent on the 3 carbon of the nucleus, which characterizes the $C_A$ compounds. We additionally note that not a single $C_A$ compound is described in a working example or even specifically named anywhere in the disclosure.

We conclude that the '855 specification does not "convey clearly to those skilled in the art, * * * in any way, the information that appellants invented * * *" the claimed compounds. It therefore fails to describe the claimed invention in the manner required by the first paragraph of section 112. In re Ruschig, 379 F.2d 990, 996, 54 CCPA 1551, 1559 (1967).

Appellant raises another point, apparently dealing with the patentability of the counts to appellees. We agree with appellees that the point was improperly raised for the first time before us and therefore decline to consider it further.

Finding the reasoning of the board to be sound, we affirm its decision.

Affirmed.